FILED
FEBRUARY 27, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-01194   Document 1   Filed 02/27/2008   Page 1 of 15

08 C 1194

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE DOW
MAGISTRATE JUDGE KEYS

| | |
|---|---|
| TSEDEKE HAILU DESTA ) <br> A073426275 ) <br> ) <br> Plaintiff ) <br> ) <br> ) <br> ) <br> MICHAEL B. MUKASEY, in his official ) <br> Capacity as Attorney General of the United States; ) <br> MICHAEL CHERTOFF, in his official capacity ) <br> as Secretary of the Department of ) <br> Homeland Security; RUTH DOROCHOFF, ) <br> in her official capacity as District Director of the ) <br> Bureau of Citizenship and Immigration Services, ) <br> Department of Homeland Security; ) <br> ROBERT S. MUELLER, III, in his official ) <br> capacity as Director of the Federal Bureau of ) <br> Investigation, The DEPARTMENT OF ) <br> HOMELAND SECURITY, The UNITED ) <br> STATES CITIZENSHIP AND IMMIGRATION ) <br> SERVICES, and The FEDERAL BUREAU ) <br> OF INVESTIGATION, ) <br> ) <br> Defendants. ) | Case No. <br><br><br><br><br> Judge <br><br><br> **J. N.** <br><br><br><br><br><br><br> Jury Demand |

**PETITION FOR HEARING ON NATURALIZATION
APPLICATION AND WRIT OF MANDAMUS
TO COMPEL DEFENDANTS' DETERMINATION OF
<u>FORM N-400 NATURALIZATION APPLICATION</u>**

NOW COMES the Petitioner, TSEDEKE HAILU DESTA, by and through his attorney, Julianne M. O'Grady of the Law Office of O'Grady & Associates, PC and respectfully petitions this Court for a hearing on naturalization application and/or mandamus, and in support thereof, states as follows:

**STATEMENT OF ACTION**

This action is brought to compel action on Application for Naturalization ("N-400") properly filed with the United States Citizenship and Immigration Services ("USCIS") by the Plaintiff. To Plaintiff's detriment, Defendants have failed to adjudicate the application due to inaction by the Federal Bureau of Investigation ("FBI") in processing his "name check."

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 8 U.S.C § 1447(b) which specifically provides for judicial review when the USCIS fails to make a decision on a naturalization application within 120 days after examination.

2. This Court has original jurisdiction to hear both civil actions arising under the laws of the United States and action to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C § 1331; 28 U.S.C. § 1361. This court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C §§ 2201-2202 and 5 U.S.C. § 702.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and § 1391(e) because the Defendants are officers or employees of agencies of the United States government, acting in their official capacity under color of legal authority and a substantial portion of the events and omissions giving rise to the claims herein occurred in this District, and the Plaintiff resides in this judicial district.

4. Plaintiff has exhausted all of his administrative remedies in this case as required by 8 C.F.R §336.9.

**INTRODUCTION**

5. Plaintiff is a native of Ethiopia and lawful permanent resident of the United States, who has lived in the United States for more than ten years and who has applied to naturalize as a

United Sates citizen. Plaintiff has been unlawfully deprived of naturalization for three years because of unreasonable and extraordinary agency delays in adjudicating his application. Plaintiff has fulfilled all of the statutory requirements for naturalization and passed the U.S. naturalization examination three years ago, nevertheless USCIS has failed to adjudicate Plaintiff's application within 120 days of the naturalization examination, as required by law.

6. Plaintiff applied for citizenship, seeking to pledge his allegiance to the United States and to participate fully in our society as a United States citizen. Having qualified to do so after ten years of living in the United States and contributing to our economy, country and local communities, Plaintiff has been robbed of his statutory right to naturalize solely because of the bureaucratic failings and callous inaction of the USCIS and the FBI.

7. USCIS has delayed the adjudication of Plaintiff's naturalization application because it has delegated a new form of security check called a "name check" to the FBI, which has unreasonably delayed the final adjudication of Plaintiff's case for three years.

8. As a result of the agencies' failure to adjudicate his application for citizenship, Plaintiff has been deprived of the substantial and unique benefits of citizenship, including protection of the laws of the United States, the ability to obtain a US Passport, travel abroad freely and sponsor for lawful permanent residency his immediate relatives living abroad, including his minor child. Moreover, Plaintiff is unable to vote in elections, serve on juries and enjoy the other rights and responsibilities of U.S. citizenship.

9. Defendants are officials of the two government agencies that have failed to adjudicate Plaintiff's naturalization application within the time periods prescribed by law. The exceedingly long delays in adjudication are caused, according to the admissions of USCIS agents, by Defendants' failure to complete in timely fashion a background check known as a "name check."

Despite the fact that the Plaintiff has waited three years since passing his naturalization examination, Defendants refuse to set any deadlines for completion of these "name checks;" instead they have allowed Plaintiff's application to linger indefinitely.

10. Plaintiff seeks declaratory and injunctive relief and/or mandamus to require the Defendants to adjudicate his application for naturalization within the time periods prescribed by law and ask the Court to declare the agencies' delays to be in violation of immigration laws and regulations, laws governing administrative agency actions and the Due Process Clause of the Fifth Amendment. In the alternative, the Plaintiff requests that the Court review his application *de novo* and naturalize him as a United States citizen pursuant to 8 U.S.C. § 1447(b).

## PARTIES

11. Plaintiff TSEDEKE HAILU DESTA ("Desta") is a citizen of Ethiopia, and a lawful permanent resident of the United States, who resides in Chicago, Illinois. Plaintiff applied for naturalization with USCIS and passed his naturalization examination on November 15, 2004. Mr. Desta is a person of good moral character and otherwise meets all requirements to be naturalized as set forth in 8 U.S.C. § 1427.

12. Defendant MICHAEL CHERTOFF ("Chertoff"), the Secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates has the authority to adjudicate naturalization petitions filed with the United States Citizenship and Immigration Services to accord them citizenship under the provisions of 8 U.S.C. §1446.

13. Defendant MICHAEL B. MUKASEY ("Mukasey"), the Attorney General of the United States, is being sued in his official capacity only. Mukasey is the head of the United States Department of Justice and the chief law enforcement officer of the federal government.

The Attorney General has the authority to naturalize persons as citizens of the United States. 8 U.S.C. § 1421(a).

14. Defendant RUTH DOROCHOFF, ("Dorochoff") is the District Director of USCIS Chicago Field Office and is being sued in her official capacity only. Dorochoff is charged with supervisory authority over all of Chicago USCIS operations and USCIS agents and officers acting in their official capacity, including the authority to adjudicate naturalization applications.

15. Defendant ROBERT S. MUELLER III is the Director of the FBI and is being sued in his official capacity only. The FBI is an agency within the United States Department of Justice whose mission is to enforce criminal laws and defend the United States against terrorist and foreign intelligence threats. Upon the request of USCIS, the FBI performs "name checks" and other background checks of all applicants for naturalization.

16. Defendant DEPARTMENT OF HOMELAND SECURITY is the Agency with overall responsibility for applications for Naturalization, including coordinating the timely completion of background checks with the FBI.

17. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES is a bureau within the Department of Homeland Security, and is the Agency with direct responsibility for applications for Naturalizations.

18. Defendant FEDERAL BUREAU OF INVESTIGATION is the Agency responsible for conducting background checks on applicants for Naturalization.

1. **STATEMENT OF FACTS**

19. Tsedeke Hailu Desta was born August 30, 1966 in Ethiopia. He was granted asylum in the United States by order of Chicago Immigration Judge Renetta Smith, on October 2, 1996 (Exhibit A). He adjusted his status and became a legal permanent resident on October 1, 1999.

Plaintiff then filed Form N-400, Application for Naturalization with the USCIS pursuant to 8 U.S.C. § 1445 on or about July 26, 2004. (Exhibit B)

20. Plaintiff presented himself for fingerprints in Chicago, Illinois, on the date appointed by USCIS, on August 27, 2004 (Exhibit C).

21. On November 15, 2004, Plaintiff attended his scheduled naturalization interview at the Chicago Citizenship Office and was interviewed by Officer Pawlowska (Exhibit D). Plaintiff passed his government history examination and his written examination. However, on the 'Naturalization Interview Results' record (Form N-652), Officer Pawlowska checked the line that states "A decision cannot yet be made about your application." (Exhibit E).

22. Between April 2005 and the present, Plaintiff, and his congressional representatives communicated several inquires to the USCIS and FBI, by letter, email, and in-person, as outlined below. All inquiries received the same basic answer: That Plaintiff's name checks were still pending with the FBI. Here is a chronology of the inquiries and responses:

    a) In April 2005, more than four months after the interview, Plaintiff made an appointment with the Chicago USCIS office, and inquired in-person as to the status of his naturalization case (Exhibit F). At that appointment, USCIS gave Plaintiff a "screen print" from the USCIS computer system, which showed that his FBI name checks were "pending" (Exhibit G).

    b) During Fall 2005, Plaintiff requested assistance from U.S. Congresswoman Janice D. Schakowsky. On November 7, 2005, Congresswoman Schakowsky's office sent a letter to Plaintiff, informing him the office had received a response to their inquiry to the FBI concerning his pending name checks. The FBI responded that Plaintiff's name checks were pending.

c) On January 30, 2006, Plaintiff sent a letter to U.S. Senator Richard Durbin, requesting his help to expedite the approval of his naturalization application (Exhibit I).  Senator Durbin's office later sent Plaintiff a copy of a letter, dated February 24, 2006, which the office received from F. Gerald Heinauer, District Director of the Chicago USCIS Office.  The letter stated that the FBI had not yet completed Plaintiff's background checks (Exhibit J).

d) In summer 2006, Plaintiff again asked for help from Senator Durbin's office.  On July 11, 2006, Senator Durbin's office sent Plaintiff an email response that the office received from the Chicago USCIS Office, stating that the FBI had not yet completed Plaintiff's background checks (Exhibit K).

e) In January 2008, Plaintiff again asked for help from Senator Durbin's office.  On January 8, 2007, Senator Durbin's office sent Plaintiff an email response that the office received from Ruth A. Dorochoff, District Director of the Chicago USCIS Office, stating that the FBI had not yet completed Plaintiff's background checks (Exhibit L).

f) On June 11, 2007, Plaintiff made an InfoPass appointment with the Chicago USCIS office, and inquired in-person as to the status of his naturalization case (Exhibit M).  At that appointment, a USCIS officer told Plaintiff that his FBI name checks were "pending".

g) On August 20, 2007, Plaintiff again requested assistance from U.S. Congresswoman Janice D. Schakowsky's office.  On August 21, 2007, Congresswoman Schakowsky's office sent Plaintiff an email the office received

7

from Robert L. Blackwood, Field Office Director of the Chicago Naturalization Office, stating that Plaintiff's FBI name checks were pending (Exhibit N).

    h) On September 18, 2007, Congresswoman Schakowsky's office sent a letter to the FBI, inquiring on the status of Plaintiff's name checks (Exhibit O). On November 7, 2007, Congresswoman Schakowsky's office received an email from Michael A. Cannon, Section Chief of the National Name Check Program Section of the FBI, stating that Plaintiff's name checks were pending (Exhibit P).

23. To date, more than three years after Petitioner was interviewed and passed his citizenship examination, USCIS had not approved his petition or scheduled an oath ceremony for him, despite numerous written and in-person inquires by the Petitioner and the intervention of his congressional representatives.

24. Plaintiff has a minor child, a son, aged 14, who lives in Ethiopia. Plaintiff has not seen his son since he fled Ethiopia in the mid 1990's and obtained asylum status in the United States. Accordingly, Plaintiff is anxious to become a naturalized U.S. citizen, so that he may sponsor his son for an immigrant visa, and bring the child to the United States to be reunited with Plaintiff.

25. Due to the inaction of the FBI and USCIS, Plaintiff is unable to bring his son to the United States as an immediate relative of a U.S. citizen, a right in which he is entitled.

26. USCIS must grant a naturalization application if the applicant has complied with all requirements for naturalization. 8 C.F.R. § 335.3. 8 U.S.C. §1443(a) states in pertinent part:

> <u>Rules and regulations governing examination of applicants</u>. The Attorney General shall make such rules and regulations as may be necessary to carry into effect the provisions of this chapter and is authorized to prescribe the scope and nature of the examination of applicants for naturalization as to their admissibility to citizenship. Such examination, shall be limited to inquiry concerning the applicant's residence, physical presence in the United States, good moral character, understand of and attachment to the fundamental

principles of the Constitution of the United States, ability to read, write, and speak English, and other qualifications to become a naturalized citizen as required by law, and shall be uniform throughout the United States.

The regulation promulgated by the Attorney General, 8 C.F.R. § 335.1 states as follows:

<u>Investigation of applicant</u>: Subsequent to the filing of an application for naturalization, the Service shall conduct an investigation of the applicant. The investigation shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application. The district director may waive the neighborhood investigation of the applicant provided for in this paragraph.

Section 335.2, 8 C.F.R., states:
<u>Examination of applicant</u>.
(a) <u>General</u>. Subsequent to the filling of an application for naturalization, each applicant shall appear in person before a Service officer designated to conduct examination pursuant to §322.1 of this chapter. The examination shall be uniform throughout the United States and shall encompass all factors relating to the applicant's eligibility for naturalization. The applicant may request the presence of an attorney or representative who has filed an appearance in accordance with part 292 of this chapter.
(b) <u>Completion of criminal background checks before examination</u>. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full background check of an applicant has been completed. A definitive response that a full criminal background check on applicant has been completed includes:
  (1)   Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;
  (2)   Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or a criminal record; or
  (3)   Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Forms FD-258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

27. The reasons given by Defendants for the extraordinary delays, i.e. that the FBI "name check" has not been completed, are pretextual and have no basis in law or in any of the regulations promulgated by the Attorney General. The investigation of Plaintiff's petition for naturalization, including any criminal record check by the FBI was, upon information and belief,

completed prior to the examination of the Plaintiff and the Defendant's actions are solely intended to indefinitely frustrate and deny citizenship to the Plaintiff.

28. Pursuant to 8 U.S.C. §1447(b) and 8 CFR 335.3, Defendant Dorochoff was required to make a determination on Plaintiff's application for naturalization within 120 days following examination. That said period expired more than two and one half years ago.

29. When USCIS fails to adjudicate a naturalization application within 120 days of the examination, the applicant may seek *de novo* review of the application by a district court. 8 U.S.C. § 1447(b).

30. Plaintiff has no alternate remedy and Defendants will continue in their unlawful acts toward Plaintiff unless restrained by this Court.

## COUNT I
## NATURALIZATION ORDER PURSUANT TO 8 U.S.C. § 1447(b)

31. Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.

32. The Plaintiff seeks that this court hold a hearing on Petitioner's application for naturalization as required by 8 U.S.C. §1447(b).

33. Plaintiff seeks a determination by the court that he meets the requirements for naturalization and is to be naturalized as a U.S. citizen without further delay.

## COUNT II
## MANDAMUS FOR SCHEDULING SWEARING IN CEREMONY

34. Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.

35. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them within a reasonable time. 5 U.S.C § 555(b). A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that,

*inter alia*, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706 (2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

36. The failure of Defendants Chertoff, Dorochoff, and Mukasey, and their predecessors in office, to adjudicate the Plaintiff's N-400 application within 120 days for the date of the naturalization examination on the basis of "name checks" in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335.3, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2) (A), 706(2) (C), 706 (2) (D).

37. The failure of Defendant Mukasey, and his predecessors in office, and Defendant Mueller, to timely complete "name checks" violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. § 706(1), 706(2) (A), 706(2) (C), 706 (2) (D).

38. Defendant's failure to set deadlines for completing "name checks" and to take all the other reasonable steps necessary to complete the adjudication of Plaintiff's application violates 8 U.S.C. § 1446(d) and 8 C.F.R. § 335, and violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. § 706(1), 706(2)(A), 706(2)(C), 706 (2)(D).

39. Plaintiff has exhausted all available administrative remedies.

40. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer injury. Declaratory and injunctive relief is therefore warranted.

41. Plaintiff seeks that the Court order the Defendants adjudicate Plaintiff Desta's naturalization and schedule an oath ceremony without further delay.

## COUNT III
## VIOLATION OF DUE PROCESS CLAUSE

42. Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.

43. The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law.

44. Defendants Chertoff, Gonzalez and Dorochoff, and their predecessors in office, have a pattern, practice or policy of failing to adjudicate the applications for naturalization within 120 days of the date of the naturalization examination because of delays in "name checks" in violation of 8 U.S.C. § 1446(d) and 8 C.F.R, § 335.  (Exhibit E)  Defendant Mukasey, and his predecessors in office, and Defendant Mueller have a pattern, practice or policy of failing to timely complete "name checks" in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335.

45. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer injury and a deprivation of his liberty.  Declaratory and injunctive relief are therefore warranted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1.  Assume jurisdiction over the matter;

2.  Review *de novo* and grant the Plaintiff's application for naturalization, pursuant to 8 U.S.C. § 1447(b);

3.  Grant Plaintiff Desta citizenship without further delay;

4.  Order Desta's swearing in ceremony be performed within 30 days;

5.  Award of damages in an amount to be determined;

6.  Award of costs as provided by 28 U.S.C. § 2412(a) (1);

7.  Award Plaintiff reasonable attorney's fees pursuant to 28 U.S.C. § 2412 for failure of the Defendants to perform their duties within a reasonable amount of time;


8. Grant such other relief at law and in equity as justice may so require.

## JURY DEMAND

Plaintiffs demand a jury as to all matters subject to resolution by a jury.

        Respectfully submitted,

        /s/ Julianne M. O'Grady
        Julianne M. O'Grady
        Petitioner's Attorney

Julianne M. O'Grady
IL ARDC #6273320
Attorney for the Plaintiff
Law Office of O'Grady & Associates, PC
1 N. LaSalle Street, Suite 1110
Chicago, Illinois 60602
Voice: (312) 338-1808
Fax: (312) 338-1809

# EXHIBITS

Exhibit A:    Order of the Immigration Judge, dated October 2, 1996, granting Mr. Desta's application for asylum and withholding of removal.

Exhibit B:    N-400 Receipt Notice

Exhibit C:    N-400 Fingerprints Appointment Notice

Exhibit D:    Naturalization Interview Appointment Notice

Exhibit E:    Naturalization Interview Results, dated 11/15/04

Exhibit F:    Status Inquiry Form, dated 4/4/05, showing that Mr. Desta went in-person to the Chicago USCIS office to inquire on the status of his naturalization case.

Exhibit G:    Computer printouts from the USCIS computer system, printed on 4/4/05, showing that his security checks were still pending with the FBI.

Exhibit H:    Letter from Congresswoman Janice D. Schakowsky, dated 11/7/5, stating that her office was informed by USCIS that his name checks were still pending with the FBI.

Exhibit I:    Letter from Mr. Desta to Senator Dick Durbin's office, dated 1/30/06, requesting his help in getting his naturalization case approved.

Exhibit J:    Letter dated 2/24/06, from F. Gerald Heinauer, Field Office Director of the Chicago Naturalization office, to Senator Dick Durbin's office, explaining that Mr. Desta's case cannot be approved until his name checks are completed with the FBI, and that his name checks are still pending.

Exhibit K:    Email from the Chicago Naturalization Office, dated 7/11/06, received by Camile Downey, an Senate Aide working in Senator Dick Durbin's office, again stating that Mr. Desta's case cannot be approved until his name checks are completed with the FBI, and that his name checks are still pending.

Exhibit L:    Email from Ruth Dorochoff, District Director of the Chicago USCIS Office, dated 1/8/07, received by Camile Downey, an Senate Aide working in Senator Dick Durbin's office, again stating that Mr. Desta's case cannot be approved until his name checks are completed with the FBI, and that his name checks are still pending.

Exhibit M:    6/11/07 Infopass Appointment Notice, for the appointment Mr. Desta made with the Chicago District USCIS Office.

Exhibit N:   Email from Robert L. Blackwood, Field Office Director of the Chicago Naturalization Office, dated 8/21/07, to Congresswoman Jan Schakowsky's office, stating that Mr. Desta's case cannot be approved until his name checks are completed with the FBI, and that his name checks are still pending.

Exhibit O:   Letter from Congresswoman Janice D. Schakowsky's office, dated September 18, 2007, to the FBI in Washington DC, asking for a status update on Mr. Desta's pending name checks.

Exhibit P:   11/7/07 email from Michael A. Cannon, Section Chief of the FBI's National Name Check Program Section, to Jan Schakowsky's office, stating that Mr. Desta's are still pending.